# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

August 13, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JUDY L. WILLIAMSON,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0546** (BOR Appeal No. 2048028)
                    (Claim No. 930063623)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**ZAYRE NEW ENGLAND CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Judy L. Williamson, by Harley O. Staggers Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Brandolyn N. Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 26, 2013, in which the Board affirmed a January 4, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 7, 2012, decision which denied Ms. Williamson's request for additional diagnostic testing and closed her claim for medical benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Williamson worked as a clerk for Zayre New England Corporation. On November 20, 1992, Ms. Williamson injured her neck while holding a phone between her shoulder and head. The claims administrator held her claim compensable for a neck sprain. Ms. Williamson received medical benefits in relation to this claim including an MRI, which revealed a herniated cervical disc. On September 7, 2006, Ghazala Kazi, M.D., evaluated Ms. Williamson and found that she had reached her maximum degree of medical improvement related to her November 20, 1992, injury. Ms. Williamson then came under the care of Carlos Santiago III, M.D. On September 5, 2012, Dr. Santiago submitted a request to the claims administrator for additional diagnostic testing related to Ms. Williamson's November 20, 1992, neck injury. The claims administrator, however, denied the request because Ms. Williamson had not received any medical treatment in the prior five years. It found that her request, therefore, was time barred. On January 4, 2013, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on April 26, 2013, leading Ms. Williamson to appeal.

The Office of Judges concluded that Ms. Williamson had not received any treatment under this claim for over five years and therefore, the request for additional diagnostic testing was time barred under West Virginia Code § 23-4-16(a)(4) (2005). The Office of Judges determined that Ms. Williamson had not received any treatment related to this claim since Dr. Kazi found that she had reached her maximum degree of medical improvement on September 7, 2006. It noted that Ms. Williamson had several separate workers' compensation claims and found that any treatment she received in the last five years was related to these other claims instead of her November 20, 1992, injury. The Office of Judges noted that Ms. Williamson had requested authorization for nerve blocks on February 5, 2008, but it found that this request had been denied because it was not medically related to her neck sprain. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

In her appeal, Ms. Williamson argues that her request for additional diagnostic testing should not be time barred since she received treatment within the last five years. She argues that whether the claims administrator authorized the treatments or whether the treatment related to the subject claim is irrelevant.

We agree with the conclusion of the Board of Review and the findings of the Office of Judges. There is no evidence in the record indicating that Ms. Williamson has received medical benefits or treatment in relation to her November 20, 1992, injury in over five years. Her request for additional diagnostic testing was properly denied as time barred under West Virginia Code § 23-4-16(a)(4). The records of various medical care that Ms. Williamson submitted into evidence were not related to treatment she received for her November 20, 1992, injury and are not relevant.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   August 13, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum